NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 26 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DEREK WARDLAW,<br><br>     Plaintiff-Appellant,<br><br> v.<br><br>J. MERINO, Individual; et al.,<br><br>     Defendants-Appellees. | No. 18-56242<br><br>D.C. No. 2:16-cv-03840-JAK-KES<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
John A. Kronstadt, District Judge, Presiding

Submitted November 18, 2019**

Before: CANBY, TASHIMA, and CHRISTEN, Circuit Judges.

Derek Wardlaw, a former pretrial detainee at the Twin Towers Correctional

Facility supervised by the Los Angeles County Sheriff's Department, appeals pro

se from the district court's summary judgment for failure to exhaust administrative

remedies in his 42 U.S.C. § 1983 action alleging constitutional violations. We

---

  * This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

  ** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

have jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Albino v. Baca*,

747 F.3d 1162, 1168 (9th Cir. 2014) (en banc).  We affirm.

The district court properly granted summary judgment because Wardlaw

failed to exhaust his administrative remedies as required by the Prison Litigation

Reform Act, and failed to raise a genuine dispute of material fact as to whether

administrative remedies were effectively unavailable.  *See Ross v. Blake*, 136 S. Ct.

1850, 1856, 1858-60 (2016) (an inmate must exhaust "such administrative

remedies as are available" before bringing suit; and describing limited

circumstances in which administrative remedies are unavailable); *Woodford v.*

*Ngo*, 548 U.S. 81, 90 (2006) ("[P]roper exhaustion of administrative remedies . . .

means using all steps that the agency holds out, and doing so *properly* (so that the

agency addresses the issues on the merits)." (citation and internal quotation marks

omitted)).

We do not consider matters not specifically and distinctly raised and argued

in the opening brief, or documents and facts not presented to the district court.  *See*

*Padgett v. Wright,* 587 F.3d 983, 985 n.2 (9th Cir. 2009); *United States v. Elias*,

921 F.2d 870, 874 (9th Cir. 1990).

Wardlaw motion for default judgment is denied.

**AFFIRMED.**